UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

JAHLIL J. LEWIS,                          )
                                          )
                    Plaintiff,            )
                                          )
            v.                            )      No. 1:26-cv-00590-JRO-TAB
                                          )
INDIANAPOLIS FBI OFFICE,                  )
                                          )
                    Defendant.            )

**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND
DISMISSING COMPLAINT**

This matter is before the Court on *pro se* Plaintiff Jahlil J. Lewis's motion

for leave to proceed *in forma pauperis*.  Dkt. [2].  Because the Court **GRANTS**

Plaintiff's motion to proceed without pre-payment of fees, his complaint is

subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B).  For the reasons set

forth below, the Court **DISMISSES** the complaint as factually frivolous and

**ORDERS** Plaintiff to **SHOW CAUSE by April 23, 2026,** why final judgment

should not issue against him.

**I.**

**MOTION TO PROCEED IN FORMA PAUPERIS**

The Court may authorize a plaintiff to file a lawsuit "without prepayment

of fees" if the plaintiff "submits an affidavit" demonstrating that he lacks the

assets to pay the filing fee at this time.  28 U.S.C. § 1915(a)(1).  Plaintiff's motion,

dkt. [2], meets this standard and is **GRANTED** accordingly.

While *in forma pauperis* status allows a plaintiff to proceed without pre-paying the filing fee, the plaintiff remains liable for the full fees. "[A]ll § 1915(a) does for any litigant is excuse the pre-payment of fees. Unsuccessful litigants are liable for fees and costs and must pay when they are able." *Robbins v. Switzer*, 104 F.3d 895, 898 (7th Cir. 1997)). The filing fee for in forma pauperis litigants is $350.00. No payment is due at this time, but the $350.00 balance remains due and owing.

## II.

### SCREENING STANDARD

When a plaintiff is granted *in forma pauperis status*, the Court has an obligation to screen the complaint for legal sufficiency. 28 U.S.C. § 1915(e)(2)(B). At screening, the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary damages against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The Court "construe[s] pro se complaints liberally and hold[s] them to a less stringent standard than formal pleadings drafted by lawyers." *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).

A complaint is "frivolous" if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Dismissal for "factual frivolousness" is appropriate where the facts alleged are "clearly baseless," "fanciful," "fantastic," or "delusional." *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992). In other words, factually frivolous allegations are not merely "unlikely" or "improbable" but "rise to the level of the irrational or the wholly incredible."

*Id.* at 33; *see also Gladney v. Pendleton Corr. Facility*, 302 F.3d 773, 774 (7th Cir. 2002) ("Sometimes . . . a suit is dismissed because the facts alleged in the complaint are so nutty ('delusional' is the polite word) that they're unbelievable, even though there has been no evidentiary hearing to determine their truth or falsity.").

## III.

## DISCUSSION

The Court finds that Plaintiff's complaint must be dismissed as factually frivolous. That result should not come as a surprise to Plaintiff, as the Court previously dismissed a nearly identical complaint of his as factually frivolous in a separate matter. *See Lewis v. Smith*, 1:26-cv-00498-JRO-MKK, Dkt. 7 (S.D. Ind. Mar. 23, 2026). Here, Plaintiff sues the Indianapolis FBI Office, but the allegations are the same as his previous suit. Plaintiff has "complain[ed] to law enforcement . . . frequently" about his "ongoing issue," including the Indianapolis FBI Office. Dkt. 1 at 4. As best the Court can tell, that "ongoing issue" is reflected in the following allegations:

- Different groups of people were "getting into his head" in 2013 and 2017, and it "seemed like" someone drugged him to sleep in 2020.

- He has been experiencing "side effects" from medicine he received after his mother took him to a behavioral health hospital in 2021.

- He has since been "stuck at mental hospitals a few times," "visited emergency rooms," and lost his "gun rights" and a "good serving job."

- He "reached out the FBI . . . in 2021 about somebody poking [his] nipple while sleeping." He also reached out to the FBI in 2023 "to complain again

3

about people messing with [him] and [his] hair while sleeping and someone puppeteering their way into [his] apartment to sexually assault [him]."

- The FBI and police (and maybe their family and friends) "keep getting in his head and letting others give [him] drugs" in retaliation "for [his] initial complaint to the FBI about being poked in the nipple while sleeping."

- The drugs "are not good for [his] health" and are " turning [his] brain off and letting an algorithm or group of puppeteers steal [his] body."

Dkt. 1 at 4.

Respectfully, Plaintiff's factual allegations are not merely "unlikely" or "improbable" but fit the category of delusions. *Denton,* 504 U.S. at 33. The complaint is therefore frivolous and properly **dismissed** at screening. Because a frivolous complaint does not invoke the Court's subject-matter jurisdiction, Plaintiff's complaint is necessarily dismissed **without prejudice.** *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 89 (1998) (explaining that "wholly insubstantial and frivolous" claims "do[] not implicate subject-matter jurisdiction, *i.e.,* the courts' statutory or constitutional power to adjudicate the case"); *Lauderdale-El v. Ind. Parole Bd.,* 35 F.4th 572, 576 (7th Cir. 2022) ("Dismissals for lack of subject-matter jurisdiction are necessarily without prejudice . . . .")

## IV.

## CONCLUSION

Plaintiff's motion for leave to proceed *in forma pauperis,* dkt. [2], is **GRANTED.** His complaint, dkt. [1], is factually frivolous and therefore **DISMISSED without prejudice** for lack of subject-matter jurisdiction. Plaintiff

shall have through **April 23, 2026,** to **SHOW CAUSE** why final judgment should not issue due to his failure to establish a basis for the Court's subject-matter jurisdiction.

Additionally, the Court has a duty to deter frivolous filings. *See Montgomery v. Davis,* 362 F.3d 956, 957 (7th Cir. 2004) ("Every paper filed . . . no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice." (quoting *In re McDonald,* 489 U.S. 180, 184 (1989)). Frivolous filing behavior cannot be tolerated, and "[t]he judicial authority to curb it is ample." *Support Sys. Int'l v. Mack,* 45 F.3d 185, 186 (7th Cir. 1995) (collecting cases).

The Court **warns** Plaintiff that this pattern of litigation must stop, or he risks filing restrictions. If Plaintiff continues to file frivolous pleadings, the Court will restrict him from filing new actions or motions in this Court and may elect to assess fines against him.

**SO ORDERED.**

Date: 4/3/2026

Justin R. Olson
United States District Judge
Southern District of Indiana

5

Distribution:

All ECF-registered counsel of record via email

JAHLIL J. LEWIS
6225 N. Rural St.
Indianapolis, IN 46220